# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LUDIVINE VENTURA, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:10-CV-1146-RWS
WAL-MART STORES, EAST, :
L.P., *et al.*, :
:
    Defendants. :

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Protective Order [33]; Defendant Pacific Cycle, Inc.'s Objections to and Motion for Protective Order [47]; Defendant Pacific Cycle, Inc.'s Emergency Motion to Stay Rule 30(b)(6) Deposition [48]; Defendant Pacific Cycle, Inc.'s Emergency Motion for Briefing Schedule and for Hearing [49]; and Wal-Mart Defendants' Objections to and Motion for Protective Order [51]. After reviewing the record, the Court will address each of the motions in turn.

Plaintiff's Motion for Protective Order [33]

Plaintiff seeks a protective order directing that Defendants' counsel not engage in speaking objections during the taking of depositions. Plaintiff cites

several examples where defense counsel made speaking objections and attempted to coach the witness. In Response [38], counsel for the Wal-Mart Defendants asserts that his objections during the depositions were appropriate under the Federal Rules of Civil Procedure. Specifically, counsel asserts that his objections to competence or relevance were made because he felt that the questions could be corrected at that time, and thus, his objection would be waived if he failed to make it during the deposition. Fed. Rule of Civ. P. 32(d)(3). Counsel asserts that he has an obligation to assert valid objections to allow the objections to be cured during the deposition.

The Court agrees that counsel has an obligation to assert valid objections during a deposition when the objections may be cured during the deposition. However, this obligation does not extend to authorize speaking objections or coaching a witness. The Court finds that, at times, counsel exceeded the permissible limits in his objections and inappropriately interfered with Plaintiff's counsel's questioning.

Therefore, Plaintiff's Motion [33] is hereby **GRANTED**, and it is hereby **ORDERED** that the following rules shall apply in all depositions conducted hereafter:

2

(a) At the beginning of a deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections except those that would be waived if not made at the deposition shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.

(c) Counsel shall not instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation of evidence directed by the court.

(d) Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making objections shall be succinct and verbally economical, stating the basis for the objection and nothing more. Counsel shall not instruct the witness with such advice as "be careful" or "answer only if you know" or "think about it" or anything similar. Counsel

3

also shall not highlight to a witness that a question is about a "big issue" in the case.

Motions Regarding Rule 30(b)(6) Deposition [47, 48, 49, and 51]

Plaintiff served a Notice to take a deposition pursuant to Rule 30(b)(6) of a corporate representative of Defendant Pacific Cycle, Inc. that listed a number of topics for the deposition. Defendant Pacific Cycle objected to the Notice and filed a Motion for Protective Order [47]. Pacific Cycle also filed an Emergency Motion to Stay the Deposition [48] and an Emergency Motion for Briefing Schedule and Hearing [49]. The Wal-Mart Defendants also filed Objections to the Notice and a Motion for Protective Order [51]. As a result, the Court conducted a telephone conference with counsel on September 24, 2012 and directed counsel to confer in an effort to reach agreement on topics for the deposition. In the event that an agreement could not be reached, counsel were advised to submit supplemental briefs to the Court. Having failed to reach agreement, counsel submitted Supplemental Briefs [53 and 54], and the issue is presently before the Court for consideration.

After considering the arguments of counsel, the Court **ORDERS** that the disputed topics for the deposition be defined as follows:

**Topic 5 - All evidence known to Defendants that the brakes functioned properly at the time of sale to Plaintiff.**

Defendants object to this topic as argumentative and seeking testimony concerning the impressions and trial strategies of counsel for Defendants and/or concerning facts known or opinions held by experts of Defendants. The Court finds that this topic is not objectionable on that basis. Plaintiff is entitled to inquire regarding evidence that Defendants have that the brakes were functioning properly at the time of the sale. Plaintiff is entitled to discover evidence about which the Defendant has knowledge, regardless of whether others have knowledge of that same evidence. Allowing this inquiry does not open the door to an inquiry about mental impressions of counsel or opinions of experts that have not been identified as possible trial witnesses.

**Topic 6 - Wal-Mart Stores East, L.P.'s policies and procedures related to bike assembly.**

The Wal-Mart Defendants object to this topic because they assert that exhaustive discovery has already occurred on this topic. The Court finds that this is not a valid objection to the topic. Plaintiff is entitled to inquire of the corporate representative as to the policies and procedures for bike assembly.

AO 72A
(Rev.8/82)

**Topic 7 - All incidents in the five(5) years prior to 8-22-08 in which the Wal-Mart Defendants received a complaint that brake pads were used, worn, or defective at the time of purchase from a Wal-Mart store.**

**Topic 8 - All incidents in the five (5) years prior to 8-22-08 in which the Wal-Mart Defendants notified Pacific Cycle that brake pads were used, worn, or defective on a bicycle shipped or sold by Pacific Cycle to Wal-Mart.**

Defendants object to the breadth of prior claims discovery sought by Plaintiff. Defendants urge the Court to limit this discovery to prior claims based on used, worn, or defective brake pads on the five (5) models of bicycles sold by Pacific Cycle to Wal-Mart that had the same brake assembly as the subject bicycle. Plaintiff urges the Court to allow broader discovery because this request does not go to the design of this braking system. Rather, Plaintiff seeks to learn how often Wal-Mart was told by customers that brake pads were problematic and how often Wal-Mart informed Pacific Cycle of such complaints. Plaintiff correctly asserts that such information may be relevant to a failure to warn or punitive damages claim.

Plaintiff does agree that Defendants should be permitted to respond by providing a written list with certain information which would then be subject to

6

further discovery. The Court finds that Plaintiff is entitled to the discovery she seeks and also finds that a written response is appropriate, at this time. Therefore, in lieu of deposition questioning of the corporate representatives of Defendants, Defendants shall make the following productions. Pacific Cycle shall produce: (1) a list of the bicycle models sold to Wal-Mart stores in the United States from August 22, 2003 though August 22, 2008; (2) the total sales volume of each such model; (3) a list of all incidents in the last five (5) years in which Wal-Mart notified Pacific Cycle that brake pads on a bicycle shipped or sold by Pacific Cycle to Wal-Mart were used, worn, or otherwise defective, including for each incident the complainant's name and address, date of complaint, purchase location, bicycle model, information concerning the complainant's brake-related allegation, and the style of any related litigation; and (4) a copy of all documents transmitted from Wal-Mart to Pacific Cycle notifying Pacific Cycle of the complaint. Wal-Mart shall produce: (1) a list of all complaints received from August 22, 2003 through August 22, 2008 concerning incidents in which a Wal-Mart customer in the United States alleged that the brake pad(s) on a bicycle purchased at Wal-Mart was/were used, worn, or defective at the time of purchase, stating the claimant's name and address, date of claim, purchase location, bicycle model, information concerning the

7

claimant's brake-related allegation, whether Pacific Cycle was notified of the claim, and the style of any related litigation; and (2) the copy of any Wal-Mart incident report for each such claim.

Defendants also objected to Plaintiff's Rule 30(b)(5) document requests. The Court agrees that the original document requests were too broad. However, the Court finds that the limitations proposed by Plaintiff are reasonable. Therefore, Defendants shall produce the following:

- On Topic 1, the detail specifications for this model bike;
- On Topic 2 or 3, any documents that show what brake pads were used on the bide or shipped with the bike;
- On Topic 4, whatever documents provide evidence of the purchase and pre-assembly for this bike;
- On Topic 6, the policies and procedures related to assembly of this model bike;
- On Topic 8, a list of incidents (as described above) and (1) any incident reports or other similar documents memorializing and describing the incidents; and (2) any policy of how such incidents are reported.
- 

8

Based on the foregoing rulings, the Objections and Motions regarding the Rule 30(b)(6) deposition [47, 48, 49, and 51] are **SUSTAINED** and **GRANTED, IN PART AND OVERRULED AND DENIED IN PART**.

**SO ORDERED**, this  5th  day of November, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)